**In re Petition for DISCIPLINARY ACTION AGAINST Thomas Robert WARD, a Minnesota attorney, Registration No. 236561.**

**No. A06–1992.**

Supreme Court of Minnesota.

Jan. 25, 2007.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Thomas Robert Ward has committed professional misconduct warranting public discipline, namely: (1) entering into a business transaction with a client that was not fair and reasonable, failing to fully disclose all of the terms of the transaction to the client in a manner that could be reasonably understood by the client, failing to obtain from the client a consent to the transaction in a document separate from the transaction documents, failing to notify the client in writing prior to the execution of the transaction documents that independent counsel should be considered, and utilizing unfair and ambiguous terms of the transaction documents to deprive the client of her equity in the real property that was the subject of the transaction, in violation of Rules 1.8(a) and 8.4(c), Minnesota Rules of Professional Conduct (MRPC); and (2) making unwanted physical contact of a sexual nature with an applicant for employment in his law office, in violation of Rule 8.4(g), MRPC.

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is suspension from the practice of law for a period of one year, effective 14 days from the date of filing of this order. By order filed on December 11, 2006, we ordered the parties to submit to us additional information concerning a judgment entered against respondent in favor of his former client. By letter filed on December 20, 2006, the Director provided the court with a copy of a settlement agreement between respondent and his former client under which respondent agreed to begin making payments to the former client beginning in June 2006; a confession of judgment executed by respondent in favor of his former client, entry of which was conditional upon respondent's breach of the settlement agreement; and a notice of entry and docketing of the confession of judgment. In addition, the Director indicated that respondent has made no payments toward satisfaction of the judgment. Respondent has not disputed the Director's report of the status of the matter.

In determining the appropriate discipline to impose, we consider failure to make restitution as an aggravating factor. *In re Swerine*, 513 N.W.2d 463, 467 (Minn. 1994) (citing *ABA Standards for Imposing Lawyer Sanctions*, Standard 9.22(j) (A.B.A.1991) (stating that indifference toward restitution is an aggravating factor in determining discipline)); *In re Davis*, 585 N.W.2d 373, 377 (Minn.1998) (noting that failure to satisfy a judgment in favor of former clients for repayment of misappropriated funds is an aggravating factor to be considered).

In light of the conduct to which respondent has admitted and respondent's breach of the settlement agreement and failure to make restitution to his former client, which respondent has not disputed, we deem the stipulated suspension to be inadequate to protect the public. We therefore suspend respondent from the practice of law indefinitely, effective 14 days from the date of filing of this order. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals). Reinstatement shall be by petition and hearing under Rule 18(a)-(d), RLPR. Respondent may petition for reinstatement no sooner than one (1) year after he fully satisfies the judgment entered against him by his former client, proof of which must accompany the petition for reinstatement. Reinstatement shall be further conditioned upon successful completion of the professional responsibility portion of the bar examination and satisfaction of the continuing legal education requirements under Rule 18(e), RLPR.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Thomas Robert Ward is indefinitely suspended from the practice of law, suspension to be effective 14 days from the date of entry of this order, subject to the conditions set forth above. Respondent shall pay costs in the amount of $900 under Rule 24(d), RLPR.

BY THE COURT:

/s/Helen M. Meyer
Associate Justice